IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO R. FLORES, TDCJ #02110551, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2008 |
| | § | |
| MS. ANTHONY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Francisco R. Flores, TDCJ #02110551, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against an employee of the Texas Department of Criminal Justice ("TDCJ") at the Ferguson Unit.

Having screened the complaint as required by sections 1915 and 1915A, the Court DISMISSES this lawsuit for the reasons shown below.

### *Background and Claims*

Plaintiff reports that in August 2019, while assigned to the Ferguson Unit, he mail ordered a magazine publication entitled, "Intoxicating N14."[1] The magazine was intercepted at the unit mail room, reviewed by prison officials and a policy committee, and found to contain sexually explicit images prohibited by prison policy. Plaintiff complains that he was not kept informed of these events, and that he had to file an "emergency grievance" to find

---

[1] In his complaint, plaintiff states that he ordered the magazine; in his grievances, he told prison officials that his family had ordered the magazine for him. The factual discrepancy plays no part in the Court's resolution of the claim.

out what happened. The magazine was ultimately confiscated, and defendant Ms. Anthony, a mail room manager, informed plaintiff that the magazine had been destroyed on September 23, 2019.

Plaintiff claims that Ms. Anthony told him she destroyed the magazine by accident instead of mailing it to his family, and that the prison would pay for the loss. Plaintiff states that she "lied" about the events and that he has not been compensated for his loss. His step 1 and step 2 prison grievances were denied.

As judicial relief, plaintiff seeks monetary compensation for his property loss and for the time he spent tracking down his magazine.

### *Analysis*

Because plaintiff is a state inmate proceeding *pro se* and *in forma pauperis*, the Court is required to scrutinize his claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff complains that his magazine was intercepted, confiscated, and unlawfully destroyed by defendant Anthony. He impliedly claims that this property loss violated his constitutional due process rights and that he is entitled to monetary damages.

An inmate's allegation that his property was lost or damaged, or its receipt delayed by prison officials, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when a state inmate's property is taken without compensation, he has a remedy in state court, not federal court. A prisoner has no viable claim under section 1983 for loss or damage to property unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984). Plaintiff has made neither of these required showings.

Texas common law allows recovery of monetary damages for loss of property that has been taken without authorization. *See*, *e.g.*, *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (noting that for Texas prisoners, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Texas statutory law also provides that inmates may recover up to $500 for lost or damaged property. *See* TEX. GOV'T CODE §§ 501.007, 501.008. *See also* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two-year statute of limitations for certain causes of action). Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of his magazine does not state a violation of the federal Due Process Clause and no federal claim is raised. *See Hudson*, 468 U.S. at 536.

Plaintiff alleges that defendant Anthony told him she mistakenly destroyed the magazine instead of mailing it to plaintiff's family. Any failure by Anthony to follow proper prison procedures for mailing the magazine to plaintiff's family would constitute at most a negligent act, and the negligent deprivation of property by prison officials does not create a civil rights claim. *See Daniels v. Williams*, 474 U.S. 327, 328, 332–33 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *Ortiz v. Giles W. Dolby Correctional Facility*, 396 F. App'x 144 (5th Cir. 2010); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).

To any extent plaintiff seeks separate compensation for the time he spent tracking down his magazine through the publisher and prison officials, he pleads no factual basis supporting such recovery. Assuming, without so finding, that his expenditure of personal time could be considered a factor for purposes of monetary compensation, plaintiff raises no constitutional issue for which recovery of damages can be granted in this lawsuit.

Plaintiff's complaint fails to raise a viable claim upon which relief can be granted under section 1983, and his claims will be dismissed without prejudice.

## *Conclusion*

Plaintiff's claims under section 1983 are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any and all pending motions are DISMISSED AS MOOT.

This dismissal constitutes a strike for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on June 24, 2020.

_____
Gray H. Miller
Senior United States District Judge